UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.A., by and through his guardian ad litem, Victoria Anderson,<br><br>              Plaintiff,<br><br>    v.<br><br>PANAMA-BUENA VISTA UNION SCHOOL DISTRICT,<br><br>              Defendant. | Case No.: 1:21-cv-0539 JLT BAK (SAB)<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. 7) |

W.A. asserts he has autism and ADHD, which results in difficulty conforming "to societal and school norms." (Doc. 1 at 1-2.) W.A. attends school in the Panama-Buena Vista Union School District and asserts the District did not perform an adequate assessment in compliance with California or federal law. By and through his guardian ad litem Victoria Anderson, W.A. seeks judicial review of the administrative decision issued by the Office of Administrative Hearings, asserting the decision does not comply with the Individuals with Disabilities Education Act. In addition, Plaintiff seeks to hold the District liable for violations of the Americans with Disabilities Act and the Rehabilitation Act. (*See id.* at 8-13.)

The District seeks dismissal of the claim arising under the IDEA pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docs. 7-8.) Plaintiff opposes dismissal and asserts the facts alleged are sufficient to support his claim. (Doc. 10.) The Court finds the matter suitable for decision

1

without oral arguments, and no hearing date will be set pursuant to Local Rule 230(g) and General Order 618. For the reasons set forth below, the motion to dismiss is **DENIED.**

## I.     Background and Allegations

At the time the complaint was filed, Plaintiff was an 8 ½ year old boy. (Doc. 1 at 1, ¶ 1.) Plaintiff reports his autism and ADHD "manifest as difficulty with social interaction and communication, various fixations and difficulty moderating his behavior to conform to social and school norms." (*Id.* at 1-2, ¶ 1.) Thus, he asserts that he "is a child with a disability entitled to the benefits of 20 U.S.C. § 1400 *et seq.* (IDEA) and California's Education Code." (*Id.* at 3, ¶ 3.)

Plaintiff attended pre-kindergarten in the District and "was observed to curse and engage in physical aggression and behaviors that were not appropriate." (Doc. 1 at 4, ¶ 7.) He continued in the District with kindergarten, at which time Plaintiff alleges he was "a good student academically, but his negative behaviors increased dramatically." (*Id.*, ¶ 8.) For example, Plaintiff alleges that "[h]e would say 'fuck' and 'bitch' at school to teachers, staff and other children." (*Id.*) In addition, Plaintiff asserts he "was physically aggressive and threatening toward others." (*Id.*) Plaintiff "was suspended for hitting his teacher and had 25 formal behavioral incidents." (*Id.* at 4-5, ¶ 8.)

Plaintiff asserts that he "was frequently removed from the classroom." (Doc. 1 at 5, ¶ 9.) In addition, he asserts "[n]umerous calls home were made by the school about his behavior" and "two formal meetings were held to address his negative behavior." (*Id.*) According to Plaintiff, the District "did not assess W.A. for eligibility for services under either IDEA or §504, until March 2019 when [W.A.'s] mother submitted a written request that her son's behavior be assessed." (*Id.*, ¶ 10.)

In May 2019, the District held an Individualized Education Program ("IEP") meeting for W.A., at which time the District "determined that he was not eligible for an IEP and he was not provided with any special education to adequately address his needs." (Doc. 1 at 5, ¶ 12.) Plaintiff asserts the District indicated "W.A. was doing too well academically to qualify for services, notwithstanding his negative behavior." (*Id.*) He alleges that during summer school—shortly after the IEP meeting—"W.A. became physically aggressive with school staff and eventually stabbed an aide with a pencil." (*Id.* at 5-6, ¶ 13.) W.A. "was removed from the summer school program." (*Id.* at 6, ¶ 13.)

When Plaintiff began the first grade, he exhibited "physical aggression toward peers." (Doc. 1

at 6, ¶ 14.) Plaintiff asserts "[i]t soon escalated to inappropriate cursing and increased physical assaults." (*Id.*) He contends he "bruised and battered teachers and staff and was physically aggressive with other children." (*Id.*) According to Plaintiff, "[t]he school principal became so concerned with W.A.'s behavior that she started to keep a log of injuries incurred by teachers and staff caused by W.A." (*Id.*) Plaintiff also reports he "was suspended and repeatedly removed from class." (*Id.*)

Plaintiff asserts the District "assessed W.A.'s behavior" in February 2020. (Doc. 1 at 6, ¶ 15.). He contends that "[b]etween pre-kindergarten through February 2020 the lack of assessment of W.A.'s behavior left him without equal and/or effective access to his education." (*Id.*) Plaintiff reports "[h]is grades and academic achievement declined dramatically." (*Id.*) In addition, Plaintiff alleges his "ability to interact with others grew dramatically more and more deficient, depriving him of educational opportunity commensurate with non-disabled children in his grades." (*Id.*) He asserts the "behavior cried out for assessment and his mother repeatedly asked Panama to assess for it and for help," but "[h]er requests were ignored." (*Id.*, ¶ 16.)

In March 2020, Plaintiff's mother requested the District provide "an independent educational evaluation for behavior." (Doc. 1 at 7, ¶ 17.) The District "filed a due process complaint against W.A. asking for a declaration that its assessment was adequate and an order that it need not pay for a behavioral assessment." (*Id.*) In September 2020, Plaintiff filed a due process complaint, asserting the District failed to properly perform an assessment and denied Plaintiff a free appropriate public education. (*Id.*) The following month, the District "filed another complaint seeking an order allowing it to implement a 2/28/20 IEP." (*Id.*) The cases were consolidated before the Office of Administrative Hearings and assigned OAH Case No. 2020090289. (*Id.*)

In January 2021, the OAH tried the following issues:

> A. Whether or not Panama deprived W.A. of FAPE by failing to adequately assess him;
>
> B. Whether or not Panama had to pay for an independent educational evaluation for W.A. in the area of behavior; and
>
> C. Whether or not Panama's 2/28/20 IEP was necessary to provide W.A. with FAPE and could be implemented without parental consent.

(Doc. 1 at 7, ¶ 18.) The OAH issued a decision on March 15, 2021. (*Id.*, ¶ 19.) The OAH found the

1  District denied Plaintiff with a free appropriate public education (FAPE) "because it did not adequately
2  assess his behavior from September 9, 2018 through the filing of W.A.'s complaint with OAH." (*Id.* at
3  7-8, ¶ 19.) The District was directed "to provide W.A. with 160 hours of specialized academic
4  instruction and for 51.5 hours to be used for behavior intervention services." (*Id.* at 8, ¶ 19.) Second,
5  the OAH found the behavior assessment by the District "in February 2020 was adequate and that [the
6  District] did not have to pay for an independent behavioral evaluation." (*Id.*, ¶ 20.) Third, the OAH
7  concluded the IEP from February 2020 "provided W.A. with FAPE and could be implemented without
8  parent consent." (*Id.*) Plaintiff seeks review of the second and third findings by the OAH, and "[a]n
9  order reversing, in part, the OAH Decision." (*Id.* at 8, 14.)

10  On March 30, 2021, Plaintiff initiated this action by filing a complaint against the District,
11  identifying the following causes of action: (1) violation of the IDEA, 20 U.S.C. §1400 *et seq.*, and the
12  California Education Code § 56500 *et seq.*; (2) violation of the Americans with Disabilities Act; and (3)
13  violation of Section 504 of the Rehabilitation Act. (*Id.* at 8-13.) In addition, Plaintiff seeks attorney's
14  fees as a prevailing party under the IDEA and California Special Education Law. (*Id.* at 14.)

15  The District filed the motion to dismiss now pending on May 28, 2021. (Doc. 8.) Plaintiff
16  filed his opposition to the motion on June 7, 2021 (Doc. 10), to which the District filed a reply brief on
17  June 17, 2021 (Doc. 12).[1]

18  **II.   Motions to Dismiss**

19  A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729,
20  732 (9th Cir. 2001). Dismissal of a claim under Rule 12(b)(6) is appropriate when "the complaint lacks
21  a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.*
22  *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is
23  limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

24  The Supreme Court explained: "To survive a motion to dismiss, a complaint must contain
25  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[1] As the parties were informed on March 30, 2021, the Eastern District of California has been in a state of judicial emergency while this motion was pending resolution. (*See* Doc. 4-3.) The action was assigned to the undersigned on January 10, 2022. (*See* Doc. 16.)

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted).

"The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  The Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  To the extent pleading deficiencies can be cured by the plaintiff alleging additional facts, leave to amend should be granted. *Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### III.     The IDEA

The Individuals with Disabilities Education Act "is a comprehensive educational scheme, conferring on disabled students a substantive right to public education." *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1300 (9th Cir. 1992) (citing *Honig v. Doe*, 484 U.S. 305, 310 (1988)).  The IDEA ensures that "all children with disabilities have available to them a free appropriate public education ["FAPE"] that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). To provide a FAPE in compliance with the IDEA, an agency receiving federal funds must evaluate a student, determine whether that student is eligible for special education and services, conduct and implement an IEP, and determine an appropriate educational placement for the student.  20 U.S.C. § 1414.  A parent of a "child with a disability" also has the right to an independent educational evaluation (IEE) at public expense if the parent disagrees with an evaluation conducted by a public agency. 20 U.S.C. § 1415(b)(1); 34 C.F.R. §§ 300.502(a), (b)(1)-(2).

The IDEA requires schools and educational agencies to involve parents in the formation, review and revision of a child's IEP. *See Board of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 208 (1982) ("Congress sought to protect individual children by providing for parental involvement in the development of state plans and polices ... and in the formulation of the child's individual educational program."). If a parent disagrees with a school district's proposals or plans for the child, the parent may challenge them by requesting an administrative due process hearing. *See* 20 U.S.C. § 1415(b)(6), (f)(1)(A). Similarly, a school district may seek a due process hearing to defend its own assessment when faced with a request for an IEE. *See* 34 C.F.R. § 300.502(b)(2)(i).

In California, due process hearings are conducted by the Office of Administrative Hearings (OAH), a state agency independent of the Department of Education. *See M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1085, 1092 (9th Cir. 2012); *see also* 20 U.S.C. § 1415(f). Pursuant to the IDEA, at a hearing based upon a procedural violation of the IDEA, the "hearing officer may find that a child did not receive a free appropriate public education" if a school district:

> (I) impeded the child's right to a free appropriate public education;
>
> (II) significantly impeded the parents' opportunity to participate in the decisionmaking process regarding the provision of a free appropriate public education to parents' child; or
>
> (III) caused a deprivation of educational benefits.

20 U.S.C. § 1415(f)(3)(E)(ii); *see also Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 525 (2007). Following the hearing, a "party aggrieved" by administrative findings and decisions made under the IDEA has a right to appeal the administrative findings by bringing a civil action. *See* 20 U.S.C. § 1415(i)(2)(A); *see also Fairfield-Suisun Unified Sch. Dist. v. Cal. Dep't of Educ.,* 780 F.3d 968, 969 (9th Cir. 2015) ("[a] party dissatisfied with the outcome of a due process hearing may obtain further review by filing a civil action in state or federal court"). Accordingly, "[t]he complaint, and therefore the civil action, may concern 'any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child.'" *Bd. Of Educ. v. Rowley*, 458 U.S. 176, 204-205 (1982).

///

## IV. Discussion and Analysis

The District seeks dismissal of the first cause of action for a violation of the IDEA, asserting Plaintiff "fails to state facts which provide a 'facially plausible' claim for relief for a violation under the IDEA." (Doc. 8 at 4.) The District asserts Plaintiff "does not provide sufficient facts to state a claim for relief regarding his apparent challenge of March 15, 2021 OAH Decision." (*Id.* at 5, emphasis omitted.) The District argues:

> In his Complaint, Plaintiff appears to be seeking for his Court to review and reverse the March 15, 2021 decision of the Administrative Law Judge; however, Plaintiff fails to plead any facts that would support this reversal. Plaintiff pleads the conclusory statements that the "[OAH] *[d]ecision* is not based upon careful and impartial consideration of all the evidence" and that "[t]he Administrative Law Judge failed to conduct the hearing in the manner required by law and made inappropriate rulings" without providing any additional factual assertions to support these claims.

(*Id.*, citing Complaint ¶ 24 [modifications in original].) The District contends Plaintiff appears to "reply on the contents of the OAH decision, without actually providing any factual assertions—or at the very least, summations of evidence—to challenge the OAH decision." (*Id.*)

According to the District, "Plaintiff does not provide any context to his objection to the OAH's findings and rulings beyond the fact that he is contesting them." (Doc. 8 at 5.) For example, the District contends "Plaintiff does not summarize the arguments and evidence presented during the OAH hearing, which would provide notice and context to both Defendant and to this Court as to the grounds upon which Plaintiff is bringing his motion." (*Id.*) Instead, the District asserts the allegations in the complaint are conclusory and contradictory and fail to explain how "the findings of the OAH decision were contrary to law." (*Id.* at 6-7.) Further, the District contends the scope of the first cause of action is unclear, because "Plaintiff cites to the entire IDEA as grounds for bringing his claim for relief." (*Id.* at 7, emphasis omitted.) The District acknowledges that in the "Prayer for Relief, Plaintiff requests that this Court reverse the March 15, 2021 OAH decision," but contends the body of the complaint does not mention 20 U.S.C. § 1415 "and provides no specific facts upon which [Plaintiff] is apparently requesting an appeal." (*Id.*) Therefore, the District requests the Court "order Plaintiff to amend his Complaint to identify the specific grounds as well as what specific legal authority for Plaintiff's First Cause of Action." (*Id.* at 7.)

On the other hand, Plaintiff asserts his allegations are sufficient to notify the District that "he

7

brings this civil action because he is aggrieved by the OAH Decision regarding his entitlement to an [Independent Educational Evaluation] for behavior and that [the District] should not be allowed to implement its IEP." (Doc. 10 at 3.) Plaintiff observes that under 20 U.S.C. §1415(i)(2)(A),

> Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy.

(*Id.* at 1-2.) Plaintiff notes he stated in the complaint: "W.A. seeks partial review of a special education *Decision* rendered by the Office of Administrative Hearings (OAH)." (Doc. 10 at 2, quoting Doc. 1 at 2.) In addition, Plaintiff identified the OAH findings he intended to challenge in the Complaint, including: the District's "behavioral assessment was adequate and that an independent educational evaluation was not necessary and that Panama could implement the IEP." (*Id.* at 3, citing Doc. 1 at 7-8, ¶¶ 18-20.) Thus, Plaintiff argues the Complaint is sufficient to notify the District of "the precise issues which he lost at OAH and which make him an aggrieved party under 20 U.S.C §1415(i)(2)(A)." (*Id.*)

Significantly, a complaint is sufficient to notify the defendant of a claim under the IDEA where the plaintiff indicates it is a party aggrieved and seeks judicial review of the administrative hearing decision. *See* 20 U.S.C. § 1415(i)(2)(A); *see also Dep't of Educ. v. Patrick P.*, 2012 WL 5414964, at *2-5 (D. Haw. Nov. 5, 2012). For example, in *Patrick P.*, the defendants sought dismissal of the complaint under Rule 12(b)(6), asserting the allegations were insufficient to determine which findings of the hearing officer were challenged and defendants were forced "to guess at the basis of [the plaintiff's] claims" under the IDEA. *Id.* at *2. The district court determined the plaintiff's allegations were sufficient, where the "crux" of the complaint was that "the Hearings Officer improperly relied upon speculative evidence offered by Defendants." *Id.* at *5. The court noted the plaintiff "did not identify specific evidence that … was speculative" or "identify specific conclusions of law it asserted was based on the allegedly speculative evidence" in stating a claim under the IDEA. *Id.* Nevertheless, the court determined the allegations were sufficient to satisfy "the *Twombly/Iqbal* standard" because the defendants were notified of "the [plaintiff's] position that the Hearing Officer's Decision is not supported by sufficient evidence." *Id.* Moreover, the court noted that the plaintiff would later "file an

opening brief that sets forth their specific challenges to the Decision." *Id.*  Therefore, the court declined to dismiss the complaint under the IDEA.  *Id.*

Similarly, here, Plaintiff's complaint indicates that he seeks judicial review of the OAH decision related to the following issues: [1] "Whether or not Panama had to pay for an independent educational evaluation for W.A. in the area of behavior; and [2] Whether or not Panama's 2/28/20 IEP was necessary to provide W.A. with FAPE and could be implemented without parental consent."  (Doc. 1 at 7, ¶¶ 18-20.)  Furthermore, the District fails to acknowledge that Plaintiff alleges he believes the "OAH Decision is not based upon careful and impartial consideration of the evidence" and failed to "address or consider evidence that supports Plaintiff's position."  (*Id.* at 9, ¶ 23, emphasis omitted.)  Also, Plaintiff indicates he seeks "[a]n order reversing, in part, the OAH Decision."  (*Id.* at 8, 14.)  Despite any failure to mention 20 U.S.C. § 1415(i)(2)(A) in the complaint, Plaintiff's allegations indicate he seeks judicial review of the administrative decision under the IDEA and that Plaintiff believes the OAH hearing officer erred in evaluating the evidence and determining two issues.  These allegations clearly include the nature and basis of the claim under the IDEA, which authorizes any party aggrieved by an administrative decision to file a civil action for such judicial review.  Thus, the allegations are sufficient to give notice of the claim under the IDEA to the District.  *See Patrick P.*, 2012 WL 5414964, at *2-5; *see also Ashley R. v. Oakland Unified Sch. Dist. Fin. Corp.*, 2004 WL 1878214, at *5 (N.D. Cal. Aug. 23, 2004) ("Plaintiffs are not required to set out all of the factual details of their IDEA claim in order to satisfy the FRCP 12(b)(6) standard").

## V.     Conclusion and Order

For the reasons set forth above, the Court **ORDERS**:  The motion to dismiss (Doc. 7) is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 10, 2022**                                    /s/ Jennifer L. Thurston
                                                                                      UNITED STATES DISTRICT JUDGE