# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.A., a minor, by and through his Guardian Ad Litem, Victoria Anderson,<br><br>Plaintiff,<br><br>v.<br><br>PANAMA-BUENA VISTA UNION SCHOOL DISTRICT,<br><br>Defendant. | Case No.: 1:21-cv-00539-JLT-BAK (BAM)<br><br>SCHEDULING ORDER (Fed. R. Civ. P. 16)<br><br>Administrative Appeal Deadlines:<br>　　Plaintiff's Opening Brief: June 30, 2022<br>　　Defendant's Opposition: August 1, 2022<br>　　Plaintiff's Reply: August 15, 2022<br><br>Pleading Amendment Deadline:  July 29, 2022<br><br>Discovery Deadlines:<br>　　Initial Disclosures: June 1, 2022<br>　　Non-Expert: April 3, 2023<br>　　Expert: July 24, 2023<br><br>Pre-Trial Motion Deadline:<br>　　Filing:  December 8, 2023<br><br>Pre-Trial Conference:<br>　　 May 10, 2024, at 1:30 p.m.<br>　　Courtroom 4 (JLT)<br><br>Trial:　July 15, 2024, at 8:30 a.m.<br>　　　Courtroom 4 (JLT)<br>　　　Jury Trial:  5 days |

1

**I.      Date of Scheduling Conference**

April 14, 2022

**II.     Appearances of Counsel**

David Grey appeared on behalf of Plaintiff W.A.

Anthony DeMaria appeared on behalf of Defendant Panama-Buena Vista Union School District.

**III.    Magistrate Judge Consent:**

**Notice of Congested Docket and Court Policy of Trailing**

Due to the District Judges' heavy caseload, the adopted policy of the Fresno Division of the Eastern District is to trail all civil cases. The parties are hereby notified that for a trial before a District Judge, the parties will trail indefinitely behind any higher priority criminal or older civil case set on the same date until a courtroom becomes available.

The Magistrate Judges' availability is far more realistic and accommodating to parties than that of the U.S. District Judges who carry the heaviest caseloads in the nation and who must prioritize criminal and older civil cases over more recently filed civil cases. A United States Magistrate Judge may conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.

The Fresno Division of the Eastern District of California, whenever possible, is utilizing United States Article III District Court Judges from throughout the nation as Visiting Judges. Pursuant to the Local Rules, Appendix A, reassignments will be random, and the parties will receive no advance notice before the case is reassigned to an Article III District Court Judge from outside of the Eastern District.

Therefore, the parties are directed to consider consenting to Magistrate Judge jurisdiction to conduct all further proceedings, including trial. **Within 10 days** of the date of this order, counsel **SHALL** file a consent/decline form (provided by the Court at the inception of this case) indicating whether they will consent to the jurisdiction of the Magistrate Judge.

///

///

///

### IV. Administrative Appeal Deadlines

Briefing on Plaintiff's appeal of the underlying administrative decision issued by the Office of Administrative Hearings ("OAH") shall proceed as follows:

Plaintiff's Opening Brief:  June 30, 2022

Defendant's Opposition Brief:  August 1, 2022

Plaintiff's Reply:  August 15, 2022

### V. Pleading Amendment Deadline

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **July 29, 2022**.

### VI. Discovery Plan and Cut-Off Date:  Discrimination Claims

Initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed by **June 1, 2022**.

With respect to Plaintiff's discrimination claims, the parties are ordered to complete all discovery pertaining to non-experts on or before **April 3, 2023**, and all discovery pertaining to experts on or before **July 24, 2023**.[1]  Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time.  A parties' failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

The parties are directed to disclose all expert witnesses[2], in writing, on or before **May 26, 2023**, and to disclose all rebuttal experts on or before **June 26, 2023**.  The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

---

[1] The parties have agreed to proceed with written discovery as to Plaintiff's discrimination claims during pendency of Plaintiff's appeal of the administrative decision issued by OAH.  The parties shall meet and confer in advance of any depositions sought to be completed prior to the Court's resolution of the administrative appeal.

[2] In the event an expert will offer opinions related to an independent medical or mental health evaluation, the examination SHALL occur sufficiently in advance of the disclosure deadline, so the expert's report fully details the expert's opinions in this regard.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

**VII.    Pre-Trial Motion Schedule**

All pre-trial motions, both dispositive and non-dispositive (except motions to compel, addressed above), shall be served <u>and filed</u> on or before **December 8, 2023**. Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Barbara A. McAuliffe, United States Magistrate Judge, in Courtroom 8. Before scheduling such motions, the parties shall comply with Local Rule 230 or Local Rule 251.

Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar. In addition to filing a joint statement electronically, a copy of the joint statement shall also be sent Judge McAuliffe's chambers by email to bamorders@caed.uscourts.gov. Counsel for the parties are additionally required to conduct at least one **telephonic or in person conference** as part of their obligations to meet and confer in good faith to resolve their discovery dispute prior to seeking judicial intervention. The parties are further cautioned that boilerplate objections to written discovery will be summarily denied.

Upon stipulation of the parties, Judge McAuliffe will resolve discovery disputes by informal telephonic conference outside the formal procedures of the Local Rules and Federal Rules of Civil Procedure governing noticed motions to compel. The procedures for requesting an informal telephonic conference are set forth in Judge McAuliffe's Case Management Procedures located on the Court's website, http://www.caed.uscourts.gov. If the parties stipulate to an informal ruling on a discovery dispute that arises during a deposition, they may request an informal ruling during the deposition by contacting Judge McAuliffe's Courtroom Deputy, Esther Valdez, by telephone at (559) 499-5788.

The parties are advised that unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in civil cases before Judge McAuliffe shall not exceed twenty-

4

five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limitations do not include exhibits. Briefs that exceed this page limitation, or are sought to be filed without leave, may not be considered by the Court.

### VIII. Motions for Summary Judgment or Summary Adjudication

**At least 21 days before** filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a motion; and 6) to develop a joint statement of undisputed facts.

The moving party **SHALL** initiate the meeting and **SHALL** provide a complete, proposed statement of undisputed facts **at least five days before** the conference. The finalized joint statement of undisputed facts **SHALL** include all facts that the parties agree, for purposes of the motion, may be deemed true. In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion, the moving party **SHALL** certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer. **Failure to comply may result in the motion being stricken.**

### IX. Pre-Trial Conference Date

**May 10, 2024,** at 1:30 p.m. in Courtroom 4 (JLT) before District Judge Jennifer L. Thurston.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2)**. The parties are further directed to submit a digital copy of their pretrial statement in Word format via email at jltorders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules. In addition to the matters set forth in the

Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

## X. Trial

 **July 15, 2024,** at 8:30 a.m. in Courtroom 4 (JLT) before District Judge Jennifer L. Thurston. This is a jury trial.  Counsels' Estimate of Trial Time:  5 days.

## XI. Settlement Conference

The parties may file a joint written request for a settlement conference if they believe that such a conference would be fruitful.

## XII. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial

Not applicable.

## XIII. Related Matters Pending

Not applicable.

## XIV. Compliance with Federal Procedure

All counsel SHALL familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

## XV. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or**

**declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:  **April 14, 2022**                              /s/ *Barbara A. McAuliffe*
                                                                         UNITED STATES MAGISTRATE JUDGE