UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.A., a minor, by and through his *guardian ad litem* Victoria Anderson,<br><br>Plaintiff,<br><br>v.<br><br>PANAMA-BUENA VISTA UNION SCHOOL DISTRICT,<br><br>Defendant. | Case No. 1:21-cv-00539-JLT-CDB<br><br>ORDER REQUIRING PLAINTIFF TO SUBMIT SUPPLEMENTAL BRIEFING ON MOTION FOR APPROVAL OF MINOR'S CLAIMS<br><br>(Doc. 53)<br><br>**21-DAY DEADLINE** |

Pending before the Court is minor Plaintiff W.A.'s motion for approval of minor's claims, filed on December 19, 2024. (Doc. 53). Plaintiff brings this motion through his parent and *guardian ad litem*, Victoria Anderson. (Doc. 5). Plaintiff's motion is unopposed by Defendant Panama-Buena Vista Union School District. *See* (Doc. 53-2, Declaration of David M. Grey ["Grey Decl."] ¶ 3).

**I. Background**

According to allegations contained in the complaint, Plaintiff is a minor child who suffers from autism and attention deficit hyperactivity disorder (ADHD). (Doc. 1). He attended pre-kindergarten and kindergarten schooling within Panama-Buena Vista Union School District ("Defendant" or "Panama"). He was "observed to curse and engage in physical aggression" and other inappropriate behaviors. In kindergarten, he had "25 formal behavioral incidents." *Id.* at 4-5. He was frequently removed from class due to his behavior. Plaintiff alleges that Defendant did not assess him for

Case 1:21-cv-00539-JLT-CDB   Document 55   Filed 01/28/25   Page 2 of 8

eligibility for services under the Individuals with Disabilities Education Act (IDEA) or Rehabilitation Act § 504 ("Section 504") until March 2019, after W.A.'s mother submitted a written request. Plaintiff further alleges that Defendant did not adequately assess W.A. It held an individualized education plan ("IEP") meeting for W.A. at the end of May 2019, where it was determined he was not eligible for an IEP and was not provided with any special education; Defendant "explained that W.A. was doing too well academically to qualify for services." Shortly afterwards, W.A. stabbed an aide with a pencil and was removed from the summer school program. After starting first grade, he exhibited physical aggression toward his peers, which escalated to cursing and physical assaults. He was suspended and removed from class. *Id.* at 5-6.

Defendant again assessed his behavior in February 2020, after his "grades and academic achievement declined dramatically." In March 2020, W.A.'s mother asked that Defendant provide him with an independent educational evaluation for behavior. Defendant filed a due process complaint against W.A., asking for a declaration that its assessment was adequate and it need not pay for a behavioral assessment. In September 2020, W.A. filed a due process complaint alleging Defendant had not properly assessed him and denied him a free appropriate public education ("FAPE"). In October 2020, Defendant filed another complaint, seeking an order permitting it to implement an IEP dated February 28, 2020. These cases were consolidated by the California Office of Administrative Hearings ("OAH"). *Id.* at 6-7.

The OAH determined that Defendant denied W.A. a FAPE because "it did not adequately assess his behavior from September 9, 2018 through the filing of W.A.'s complaint with OAH." The OAH issued an order requiring Defendant to provide W.A. with 160 hours of specialized academic instruction and 51.5 hours for behavior intervention services. The OAH found that the behavior assessment done by Defendant in February 2020 was adequate and that it did not have to pay for an independent behavioral evaluation, and the February 28, 2020, IEP provided W.A. with a FAPE and could be implemented without parental consent; it is for these two findings that Plaintiff seeks review. *Id.* at 7-8.

Defendant filed a motion to dismiss this action on May 28, 2021 (Doc. 8), which was denied by the Court on February 10, 2022 (Doc. 19). Plaintiff filed the administrative record on June 29,

2

2022 (Doc. 28), and his opening brief on June 30, 2022 (Doc. 30). Defendant filed its opposing brief on August 1, 2022. (Doc. 31). Plaintiff filed a reply on August 15, 2022. (Doc. 32). On January 10, 2024, the Court ordered the action stayed in light of the parties' representations that they were "unable to conduct fruitful discovery" (Doc. 41 at 1) until the Court issued a ruling on the pending briefs. (Doc. 42). On June 26, 2024, the Court issued an order affirming the underlying OAH decision. (Doc. 43). On October 7, 2024, Plaintiff filed a notice of settlement as to the outstanding issue of attorney's fees arising from his prevailing on one issue in the underlying OAH decision. (Doc. 48).

According to Plaintiff's motion, the only issue remaining is attorney's fees. (Doc. 53-1). The motion states that the parties have agreed to the amount of $135,000.00, to be paid by Defendant to Plaintiff's counsel. (Doc. 53-2 at 7). The terms contain a California Civil Code § 1542 waiver and exclude a currently pending state court tort action in Kern County, *W.A. v. Panama-Buena Vista Union School District*, Case No. BCV-24-102031. *Id.* at 7-8. The total attorney's fees in the amount of $135,000.00 are to be paid solely by Defendant. *Id.* at 8.

## II. Legal Standard

### a. Settlements Involving Minors

District courts have a special duty to safeguard the interests of litigants who are minors. Federal Rule of Civil Procedure 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).[1]

The Local Rules for this district provide that "[n]o claim by or against a minor…may be settled or comprised absent an order by the Court approving the settlement or compromise." L.R. 202(b).[2] Under the circumstances of this case, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 202, and must disclose, among other things, the following:

---

[1] The Ninth Circuit has made clear that its standards apply in federal question cases. *Robidoux*, 638 F.3d at 1179 n.2.

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances.

L.R. 202(b)(2). Local Rule 202 also sets forth requirements concerning information that must be disclosed regarding attorney representation: "When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." L.R. 202(c).

### b. Attorney's Fees

"The Supreme Court has stated that the lodestar is the 'guiding light' of its fee-shifting jurisprudence, a standard that is the fundamental starting point in determining a reasonable attorney's fee." *Van Skike v. Director, Office of Workers' Comp. Programs*, 557 F.3d 1041, 1048 (9th Cir. 2009) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

District courts in the Ninth Circuit are required "to calculate an award of attorneys' fees by first calculating the 'lodestar' before departing from it." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008) (internal citation and quotation marks omitted). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* at 978 (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). The court "should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

"In addition to setting the number of hours, the court must also determine a reasonable hourly rate, 'considering the experience, skill, and reputation of the attorney requesting fees.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.")). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979.

**Discussion**

The Court must first consider whether the motion satisfies the requirements of Local Rule 202(b)(2). W.A. was 8 years old upon initiation of this action in 2021 and the son of *guardian ad litem* Victoria Anderson. *See* (Doc. 1). By the time of settlement, W.A. had reached age 12. (Doc. 53-2 at 7). The motion identifies the claims to be settled: W.A. prevailed at the underlying OAH trial on issue number one, holding that Defendant denied him a FAPE by failing to appropriately assess him in all areas of suspected disability. Plaintiff was awarded 160 hours of specialized academic instruction and 51.5 hours of behavior intervention services. (Doc. 53-2 at 6). The ALJ's decision was affirmed by this Court. (Doc. 43). Plaintiff conceded he was not entitled to attorney's fees as to issues two and three, as he did not prevail on either. (Doc. 44 at 1-2).

The motion also provides the relevant background regarding the relationship of counsel to Plaintiff and Defendant, particularly that counsel has no relationship with Defendant, no one from Defendant or acting on their behalf was involved in counsel's retention by W.A.'s mother, and the fact that counsel has not received any compensation as of yet and will not receive any aside from attorney's fees. (Doc. 53-2 at 10). The motion then sets forth reasoning as to why Plaintiff's best interest is served by ending the litigation via settlement at this time, namely regarding the unlikelihood of success on any remaining claims, the difficulty of presenting evidence of Defendant's intent regarding deliberate indifference, the likely inability to recover emotional distress damages, and the risks of W.A. having to sit for a deposition. (Doc. 53-2 at 9-10).

As the motion does not involve disbursement of funds to the minor Plaintiff and only concerns attorney's fees, the Court will not analyze the appropriateness of any disbursement plan. However, as

to the required showing for fees, the motion is deficient as explained below.

**a. The Motion Fails to Provide Sufficient Information as to Time Spent on the Prevailing Claim**

A "factor courts must consider in awarding fees under the lodestar method are the 'results obtained' in the litigation." *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 78 F. Supp. 3d 1289, 1305 (C.D. Cal. 2015). "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Courts must consider two factors in awarding fees in proceedings where success is mixed. "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.* at 434.

Here, the Court affirmed the underlying OAH decision and rejected Plaintiff's arguments that the ALJ committed error in ruling in favor of Defendant on two of the three issues presented for decision (specifically, the appropriateness of Defendant's February 2020 functional behavior assessment and Defendant's IEP offer without parental consent). (Doc. 43). It is unclear from the motion, and accompanying declaration of David Grey and billing records attached thereto, what portion of time was dedicated to the prevailing arguments and claims. The Court acknowledges that issues are often interlinked across different claims and, as such, it may be difficult to precisely separate time spent on prevailing arguments from time spent on unsuccessful ones. Nonetheless, the Court will direct counsel to provide additional information, as much as is practicable, regarding billing time spent on the prevailing claim. *See K.M. ex rel. Bright*, 78 F. Supp. 3d at 1305 ("Awarding fees for all the time spent on the case, including legal argument for clearly unsuccessful positions, would therefore result in an excessive fee award."). If any such time relates to expert consultations or reports, details of such consultations shall be provided, along with copies of any reports prepared. *See* L.R. 202(b)(2).

///

///

6

### b. The Motion Fails to Provide Citations to Cases in This District for the Requested Hourly Rate

Furthermore, the motion does not cite prior cases in the Eastern District granting practitioners rates at the amount of $800 per hour, as is requested by counsel. (Doc. 53-2 at 11-14, 36). The motion does appear to cite cases in other districts for that amount, but none in which this Court sits. *Id.* at 12-14; *see Irvine Unified Sch. Dist. v. K.G.*, 853 F.3d 1087, 1094 (9th Cir. 2017) ("Even when a party is entitled to some fees, the amount awarded must be 'reasonable.'"); *Camacho*, 523 F.3d at 979 ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.").

Thus, the Court will direct counsel to file supplemental briefing regarding other cases in the Eastern District granting fees at the rate requested by counsel.

### c. The Motion Fails to Include Supporting Authority Showing the Settlement as a Whole is Fair in Light of Analogous Cases

The Court must also consider whether the terms and amount of settlement are fair and reasonable "in light of the facts of the case, the minor's specific claim and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82. The motion fails to provide case authority citing examples of recoveries in similar cases demonstrating the suitability of the settlement terms here as contemplated by *Robidoux*. Critically, the Court does not have information concerning whether Plaintiff has received any monetary award and, regardless, how the parties otherwise value any equitable relief Plaintiff has received or expects to receive. *E.g.*, *C.Y. v. Chaffey Joint Union High Sch. Dist*, No. 5:20-cv-02269-SP, 2023 WL 3330286, at *5 (C.D. Cal. Mar. 28, 2023); *S.G.P. v. Tehachapi Unified Sch. Dist.*, No. 1:22-cv-01066-ADA-BAK, 2022 WL 4450750, at *6 (E.D. Cal. Sept. 23, 2022).

Accordingly, the Court will direct counsel to file supplemental briefing that includes supporting authority showing that the proposed compromise is fair and reasonable in light of recovery in analogous cases.

### III. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that within 21 days of the date of entry of this order, Plaintiff shall file a supplemental brief addressing the aforementioned issues raised in this

7

order.  Upon receipt of the supplemental briefing the Court shall prepare and submit findings and recommendations to the United States District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.

IT IS SO ORDERED.

Dated:   **January 28, 2025**   _____
UNITED STATES MAGISTRATE JUDGE