UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.A., a minor, by and through his *guardian ad litem* Victoria Anderson,<br><br>Plaintiff,<br><br>v.<br><br>PANAMA-BUENA VISTA UNION SCHOOL DISTRICT,<br><br>Defendant. | Case No. 1:21-cv-00539-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT MOTION TO APPROVE SETTLEMENT OF MINOR'S CLAIMS<br><br>(Docs. 53, 58)<br><br>**14-Day Deadline** |

Pending before the Court is minor Plaintiff W.A.'s unopposed motion for approval of his minor's compromise claim, filed on December 19, 2024. (Doc. 53). Plaintiff brings this petition through his parent and *guardian ad litem*, Victoria Anderson. (Doc. 5). On January 28, 2025, the Court directed Plaintiff to provide supplemental briefing. (Doc. 55). Plaintiff timely filed his supplemental brief on March 3, 2025. (Doc. 58). For the reasons set forth below, the undersigned recommends that Plaintiff's motion be granted and the settlement approved as it is fair, reasonable, and in the best interests of the child.

**I. Background**

According to allegations contained in the complaint, Plaintiff is a minor child who suffers from autism and attention deficit hyperactivity disorder (ADHD). (Doc. 1). He attended pre-kindergarten and kindergarten schooling within Panama-Buena Vista Union School District ("Defendant" or

"Panama"). He was "observed to curse and engage in physical aggression" and other inappropriate behaviors. In kindergarten, he had "25 formal behavioral incidents." *Id.* at 4-5. He was frequently removed from class due to his behavior. Plaintiff alleges that Defendant did not assess him for eligibility for services under the Individuals with Disabilities Education Act (IDEA) or Rehabilitation Act § 504 ("Section 504") until March 2019, after W.A.'s mother submitted a written request. Plaintiff further alleges that Defendant did not adequately assess W.A. It held an individualized education plan ("IEP") meeting for W.A. at the end of May 2019, where it was determined he was not eligible for an IEP and was not provided with any special education; Defendant "explained that W.A. was doing too well academically to qualify for services." Shortly afterwards, W.A. stabbed an aide with a pencil and was removed from the summer school program. After starting first grade, he exhibited physical aggression toward his peers, which escalated to cursing and physical assaults. He was suspended and removed from class. *Id.* at 5-6.

Defendant again assessed his behavior in February 2020, after his "grades and academic achievement declined dramatically." In March 2020, W.A.'s mother asked that Defendant provide him with an independent educational evaluation for behavior. Defendant filed a due process complaint against W.A., asking for a declaration that its assessment was adequate and it need not pay for a behavioral assessment. In September 2020, W.A. filed a due process complaint alleging Defendant had not properly assessed him and denied him a free appropriate public education ("FAPE"). In October 2020, Defendant filed another complaint, seeking an order permitting it to implement an IEP dated February 28, 2020. These cases were consolidated by the California Office of Administrative Hearings ("OAH"). *Id.* at 6-7.

The OAH determined that Defendant denied W.A. a FAPE from November 1, 2018, through February 28, 2020, but did not deny him a FAPE from February 28, 2020, through the filing of Plaintiff's complaint (September 9, 2020). (Doc. 43 at 7). The OAH issued an order requiring Defendant to provide W.A. with 160 hours of specialized academic instruction and 51.5 hours for behavior intervention services. The OAH found that the behavior assessment done by Defendant in February 2020 was adequate and that it did not have to pay for an independent behavioral evaluation, and the February 28, 2020, IEP provided W.A. with a FAPE and could be implemented without

1  parental consent; it is for these two findings that Plaintiff seeks review. (Doc. 1 at 7-8).

2      Defendant filed a motion to dismiss this action on May 28, 2021 (Doc. 8), which was denied
3  by the Court on February 10, 2022 (Doc. 19). Plaintiff filed the administrative record on June 29,
4  2022 (Doc. 28), and his opening brief on June 30, 2022 (Doc. 30). Defendant filed its opposing brief
5  on August 1, 2022. (Doc. 31). Plaintiff filed a reply on August 15, 2022. (Doc. 32). On January 10,
6  2024, the Court ordered the action stayed in light of the parties' representations that they were "unable
7  to conduct fruitful discovery" (Doc. 41 at 1) until the Court issued a ruling on the pending briefs.
8  (Doc. 42). On June 26, 2024, the Court issued an order affirming the underlying OAH decision.
9  (Doc. 43). On October 7, 2024, Plaintiff filed a notice of settlement as to the outstanding issue of
10 attorney's fees arising from his prevailing on one issue in the underlying OAH decision. (Doc. 48).
11 On December 19, 2024, Plaintiff filed a motion to approve settlement of minor's claims. (Doc. 53).

12     The settlement for W.A. is in the amount of $135,000.00 in attorney's fees, to be paid solely by
13 Defendant to Plaintiff's counsel. (Doc. 53-2 at 7). The terms contain a California Civil Code § 1542
14 waiver and exclude a currently pending state court tort action in Kern County, *W.A. v. Panama-Buena*
15 *Vista Union School District*, Case No. BCV-24-102031. *Id.* at 7-8.

16     Following the undersigned's review of Plaintiff's motion, the Court directed Plaintiff to
17 provide supplemental briefing regarding the time spent by Plaintiff's counsel on the prevailing claim,
18 prior cases in the Eastern District granting practitioners rates at the amount requested by counsel, and
19 supporting authority showing the settlement as a whole is fair in light of analogous cases. (*See* Doc.
20 55).

21 **II. Legal Standard**

22     a. **Settlements Involving Minors**

23 District courts have a special duty to safeguard the interests of litigants who are minors.
24 Federal Rule of Civil Procedure 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).
25 "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a
26 district court to 'conduct its own inquiry to determine whether the settlement serves the best interests
27 of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th
28

Cir. 1978)).[1]

The Local Rules for this district provide that "[n]o claim by or against a minor…may be settled or comprised absent an order by the Court approving the settlement or compromise." L.R. 202(b).[2] Under the circumstances of this case, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 202, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances.

L.R. 202(b)(2). Local Rule 202 also sets forth requirements concerning information that must be disclosed regarding attorney representation: "When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." L.R. 202(c).

### b. Attorney's Fees

"The IDEA provides that 'the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability.' In order for a court to award attorney's fees, the parent must (1) be a 'prevailing party' and (2) seek 'reasonable attorneys'

---

[1] The Ninth Circuit has made clear that its standards apply in federal question cases. *Robidoux*, 638 F.3d at 1179 n.2. Moreover, district courts within the Ninth Circuit have concluded that federal law applies to the entirety of a request to approve a minor's settlement in cases in which the district court exercises federal question jurisdiction and supplemental jurisdiction over additional state law claims. *See e.g.*, *A.G.A. v. Cnty. of Riverside*, No. EDCV 19-00077-VAP (SPx), 2019 WL 2871160, at *2 n.1 (C.D. Cal. April 26, 2019) (collecting cases).

fees.'" *Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114, 1117 (9th Cir. 2006) (citing 20 U.S.C. § 1415(i)(3)(B)(i)). "The Supreme Court has stated that the lodestar is the 'guiding light' of its fee-shifting jurisprudence, a standard that is the fundamental starting point in determining a reasonable attorney's fee." *Van Skike v. Director, Office of Workers' Comp. Programs*, 557 F.3d 1041, 1048 (9th Cir. 2009) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

District courts in the Ninth Circuit are required "to calculate an award of attorneys' fees by first calculating the 'lodestar' before departing from it." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008) (internal citation and quotation marks omitted). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* at 978 (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). The court "should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

"In addition to setting the number of hours, the court must also determine a reasonable hourly rate, 'considering the experience, skill, and reputation of the attorney requesting fees.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.")). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979.

**III. Discussion**

As a preliminary matter, the Court must first consider whether the motion satisfies the relevant requirements of Local Rule 202. W.A. was 8 years old upon initiation of this action in 2021 and the son of *guardian ad litem* Victoria Anderson. *See* (Doc. 1). By the time of settlement, W.A. had reached age 12. (Doc. 53-2 at 7). The motion identifies the claims to be settled: W.A. prevailed at the underlying OAH trial on issue one, holding that Defendant denied him a FAPE by failing to appropriately assess him in all areas of suspected disability. Plaintiff was awarded 160 hours of

1 specialized academic instruction and 51.5 hours of behavior intervention services.  (Doc. 53-2 at 6).
2 The ALJ's decision was affirmed by this Court.  (Doc. 43).  Plaintiff conceded he was not entitled to
3 attorney's fees as to issues two and three, as he did not prevail on either.  (Doc. 44 at 1-2).

The motion also provides the relevant background regarding the relationship of counsel to Plaintiff and Defendant, particularly that counsel has no relationship with Defendant, no one from Defendant or acting on their behalf was involved in counsel's retention by W.A.'s mother, and the fact that counsel has not received any compensation as of yet and will not receive any aside from attorney's fees.  (Doc. 53-2 at 10).  The motion then sets forth reasoning as to why Plaintiff's best interest is served by ending the litigation via settlement at this time, namely regarding the unlikelihood of success on any remaining claims, the difficulty of presenting evidence of Defendant's intent regarding deliberate indifference, the likely inability to recover emotional distress damages, and the risks of W.A. having to sit for a deposition.  (Doc. 53-2 at 9-10).

### a. Prevailing Party and Award

Turning to the award itself, it is undisputed that W.A. prevailed on issue one at the OAH trial.  (Doc. 43 at 7; Doc. 53-2 at 6).  Plaintiff was awarded 160 hours of specialized academic instruction and 51.5 hours of behavior intervention services.  (Doc. 43 at 7-8; Doc. 53-2 at 6).  Plaintiff did not prevail on any other issues.  (*See* Doc. 43).  No monetary award to W.A. is proposed as part of the settlement.  (*See* Doc. 53-2).

Accordingly, Plaintiff is a "prevailing party" within the meaning of the IDEA.  *See Parents of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1498 (9th Cir. 1994) (contrasting a party's "purely technical or *de minimis*" success with a prevailing party's achievement of material benefit).

### b. Attorney's Fees

Under the IDEA, a partially prevailing plaintiff may recover attorney's fees in line with the plaintiff's "degree of success."  *Aguirre v. Los Angeles Unified School Dist.,* 461 F.3d 1114, 1121 (9th Cir. 2006) (citing *Hensley*, 461 U.S. at 430).

Here, Plaintiff's motion provides for a total award of attorney's fees in the amount of $135,000.00.  (Doc. 53-2 at 11).  In the supplemental brief filed on March 3, 2025 (Doc. 58), Plaintiff provides that the "settlement of prevailing party attorney's fees in this case does not require the

Court's approval … laws applicable to fixing prevailing party attorney's fees do not apply to a minor's compromise where the school and the parent have agreed to the reasonable fees." *Id.* at 2.

The Court construes Plaintiff's assertions as stating that the Court is not required to approve the attorney's fees here, under Local Rule 202, in the manner of a minor's compromise as the parties have agreed to fees and the settlement follows the Court's affirmation of the underlying OAH proceeding; the fees, thus, relate only to the prevailing issue in the underlying proceeding and do not involve a disbursement to minor Plaintiff.

Insofar as Plaintiff intended to assert the above, Plaintiff is incorrect and the single authority he cites (*Winkelman ex rel. Winkelman v. Parma City School Dist*., Doc. 58 at 7) does not stand for the proposition that the IDEA displaces the Court from its traditional role of independently assessing the fairness of a settlement even where the parent has recommended it. *See Winkelman*, 550 U.S. 516, 526 (2007) (noting that the IDEA sets forth rules governing "when and to what extent a court may award attorney's fees"); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem") (internal citation omitted).

Additionally, the Ninth Circuit has explained that the "degree of success" standard announced in *Hensley v. Eckerhart* (*supra*, 461 U.S. 424) applies in IDEA cases. That is, "*Hensley* does not strip the district court of its discretion in awarding fees, nor does it eliminate flexibility in granting them." *Aguirre*, 461 F.3d at 1121. Rather, the rule is broad enough that some cases may warrant an award of "full fees even where a party did not prevail on every contention" and, in other cases, a party who formally prevails should receive no fees at all. *Id.*

Noting the above, as well as the fact that the requested fees need be reasonable for the Court to award them (*id.* at 1117), the Court will proceed to conduct an independent review of the requested attorney's fees.

///

///

### i. Hourly Rate

Turning to the requested hourly rate, under IDEA, a reasonable hourly rate is one that prevails "in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

In his declaration, Mr. Grey cites *Wright v. Tehachapi Unified School District*[3] for the proposition that a court should apply hourly rates from outside the district when local counsel are unavailable. In *Wright*, the plaintiffs contended that the court should apply hourly rates from the Central District of California, the location of plaintiff's counsel, despite the case being in the Eastern District. After analyzing declarations attached to plaintiffs' motion regarding lack of availability of local counsel in Kern County for special education cases, the court found that plaintiffs had met their burden and, noting the specific knowledge of special education law needed, that it was reasonable for plaintiffs to continue to be represented by their counsel in seeking a fee award. The court proceeded to examine prevailing hourly rates at the time in IDEA cases in the Central District and, thereafter, used them as guidelines to discount practitioners' hourly rates where needed, incorporating their relevant experience into the determinations. *Id.* at *4–6.

Here, the only attorney representing Plaintiff for which fees are sought is Mr. Grey. (Doc. 53-2 at 12). In *Wright*, Mr. Grey declared that "he has been practicing law since 1986 on 'special education cases throughout the state,' including 'many cases in Kern County.' Mr. Grey asserts that, to his knowledge, '[t]here are no private attorneys who focus on representing disabled school children who reside' in Tehachapi and Kern County." *Id.* at *4 (citations omitted). Here, in his supplemental brief (Doc. 58), he asserts that the "lack of qualified special education attorney's [sic] in the Eastern District continues." He provides a link to the website of the California Department of General Services and, specifically, to the Office of Administrative Hearings.[4] The link leads to a list of

---

[3] No. 1:16-CV-01214-JLT, 2017 WL 3334015 (E.D. Cal. Aug. 4, 2017), aff'd, 743 F. App'x 125 (9th Cir. 2018).

[4] California Department of General Services, "List of Free or Low-Cost Special Education Attorneys Providing Services Throughout All of California," accessible at https://perma.cc/FXG8-T6CV (last visited March 26, 2025).

attorneys providing free or low-cost special education representation throughout California.  Mr. Grey asserts that "[t]his is a list of attorneys who handle special education cases maintained by the Office of Administrative Hearings.  None of the attorneys listed are in or near Kern County."  (Doc. 58 at 5).  A review of the list confirms no attorneys located in Kern County.[5]  Accordingly, Mr. Grey has established that local counsel was unavailable.  *See Wright*, 2017 WL 3334015, at *4 ("Accordingly, the Court finds Plaintiffs have met their burden of demonstrating local counsel working in the area of special education was not available.").

As of the commencement of the underlying proceeding, Mr. Grey had over 33 years of practice experience.  (Doc. 53-2 at 3, 14; *id.*, Ex. 1 at 1-10).  Mr. Grey provides that his practice is "now limited to protecting the civil rights of disabled children and young adults relating to their education."  He states he has handled over 100 arbitrations and administrative, bench, and jury trials.  He represents that he has provided counsel to more than a thousand students and their parents, including in hundreds of due process cases filed with the California OAH.  *Id.* at 4-6.

Mr. Grey seeks an hourly rate of $800.00.  *Id.* at 12.  He provides the case of *P.S. v. Long Beach Unified School District*[6] for the proposition that his rate is reasonable in the Central District.  *Id.* at 14.  In *P.S.*, the court found that a practitioner with 20 years of experience was entitled to an hourly rate of $710.00.  The court relied on declarations from other special education attorneys in the community who declared that the rates sought were reasonable and on the low end of the prevailing market rates for special education attorneys in Southern California.  *P.S.*, 2020 WL 13609238, at *3–4.  Mr. Grey provides another action in the Central District, dating from 2022, in which his rate of

---

[5] The Court may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Information available to the public and provided by a government agency meets the requirements for judicial notice set forth in Rule 201(b)(2).  *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 (9th Cir. 2006) (holding that facts within public records are appropriate for judicial notice); *see also United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (finding that courts "routinely take judicial notice of information contained on state and federal government websites").  Accordingly, the Court takes judicial notice of the information in the California Department of General Services link relating to free or low-cost special education attorneys in California, including their contact information.

[6] *P.S. by & through Ramirez v. Long Beach Unified Sch. Dist.*, No. 2:19-CV-04496-ODW (SSx), 2020 WL 13609238 (C.D. Cal. Dec. 8, 2020).

$650 per hour was found reasonable. *See S. S. v. Bellflower Unified Sch. Dist.*, No. CV2009829MWFASX, 2022 WL 2199944, at *5 (C.D. Cal. Apr. 27, 2022). Mr. Grey further cites a case that he references only by the name "*D. R.*," with one Mr. David German as counsel in that action receiving an award fixed at an hourly rate $770. (Doc. 53-2 at 13-14). After conducting an independent search, the Court presumes Mr. Grey intended to reference the case of *D. R. v. Redondo Beach Unified School District*[7], in which counsel Mr. German's rate of $770 per hour was found reasonable by the Ninth Circuit on appeal from the Central District, based on declarations submitted by civil rights litigators and fee experts (*see id.*, Doc. 49); counsel was admitted to the bar in 2007 (Doc. 53-2 at 13).

In addition to evaluating the above cases, the undersigned has conducted an independent review of prevailing rates in the Central District for actions concerning underlying IDEA proceedings before the OAH. *See, e.g.*, *Gordon v. Los Angeles Unified Sch. Dist.*, No. 218CV00919CASJCX, 2019 WL 2511936, at *6 (C.D. Cal. June 17, 2019), aff'd, No. 19-55806, 2021 WL 4989973 (9th Cir. Oct. 27, 2021) (approving a $600 hourly rate for a special education attorney with 30 years of experience in 2019); *Williams S. Hart Union High Sch. Dist. v. Antillon*, No. CV 19-8328 CBM(GJSX), 2021 WL 5544926, at *3 (C.D. Cal. Nov. 1, 2021) (awarding $650 per hour for an attorney with over 20 years of experience in 2021).

Based on the prevailing rates in the Central District for special education attorneys with Mr. Grey's qualifications and experience and given that Plaintiff has not articulated the relative complexity or novelty of the issues as compared to those present in other cases (including the cases cited by Plaintiff), the Court finds that $750 per hour is a reasonable hourly rate for Mr. Grey.

### ii. Hours Expended

Turning to the hours billed, Mr. Grey declares that the billing hours he seeks are for his work on the underlying OAH matter only and not this action, since Plaintiff did not prevail in this appeal. He states that the entries were made "at, or about, the time when the work reflected in the particular line items was performed." He provides that the entries are accurate, necessary, and without

---

[7] 56 F.4th 636, 640 (9th Cir. 2022).

duplicative time and clerical or paralegal work. Mr. Grey represents that Barbara Grey, an attorney in his office, read the school records and trial exhibits, edited and revised OAH briefs, confirmed accuracy of citations to the record, and attended the OAH trial as second chair. Mr. Grey asserts that this amounted to 105 hours of work by Barbara Grey and, as an exercise in billing discretion, none of it is being sought and neither is time spent by Mr. Grey conferring with her. (Doc. 53-2 at 11-12).

Plaintiff is entitled to fees relating to the underlying OAH proceeding as the prevailing party. However, Plaintiff is not entitled to fees relating to this appeal as, in the instant action, he is not the prevailing party. (Doc. 43 at 49). A review of the attached billing records does not evidence inclusion of any time outside of that billed for the underlying proceeding. (Doc. 53-2, Ex. 2 at 1-10). The records are without duplicative entries and clerical or administrative tasks, and do not suggest any overbilling. No time appears to be included for conferencing with Barbara Grey, nor any of her billable time. Mr. Grey presents a total of 298 hours billed, from July 8, 2020, to March 15, 2021. *See id.*

The Court finds Plaintiff has met his burden in proving the 298 hours expended. *See Gordon*, 2019 WL 2511936, at *7 ("The Court also finds no reason to question the reliability of [c]ounsel's billing statements, which are adequately detailed … The Court finds no excessive or duplicative entries, and the [d]istrict similarly identifies none.") (citation omitted).

### iii. Lodestar and Adjustment

The Court determines that the lodestar is $223,500.00. This results from a $750 hourly rate and a total of 298 hours billed.

"In a situation where the prevailing party obtains only partial success, the Court must address two questions: First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which it succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *S. S.*, 2022 WL 2199944, at *4 (quoting *Hensley*, *supra*, 461 U.S. at 434).

As to the first question, Plaintiff provides that:

> "The primary issue in the case was the District's failure to find W.A. eligible for an Individualized Education Plan (IEP) and to provide him with any special education services

11

>from 11/1/18 through 2/28/20. [Doc. 43 at 7-8]. By contrast the part of the case W.A. lost was an issue of the adequacy of the assessments special education services after 2/28/20. [Doc. 41 at 7] (2/28/20 IEP was adequate and could be implemented without parent consent). The same witnesses and documents were used for the issues tried. There was substantial overlap. The issues were inextricably intertwined."

(Doc. 58 at 3-4).

The issues analyzed in the underlying proceeding were: (1) did Defendant deny W.A. a FAPE, by failing to appropriately assess him in all areas of suspected disability from September 9, 2018, through the filing of his complaint; (2) was Defendant's February 2020 functional behavior assessment appropriate such that it need not fund an independent educational evaluation; and (3) was Defendant's IEP offer dated December 19, 2019, as amended February 28, 2020, necessary to provide W.A. a FAPE in the least restrictive environment such that it may be implemented without parental consent. (Doc. 43 at 7).

*Hensley* instructs that, out of necessity in certain cases, time must be devoted generally to the litigation as a whole, making it difficult to then divide the hours on a claim-by-claim basis. In such a scenario, a court should weigh the overall relief and its significance, particularly in relation to the hours reasonably expended. *Hensley*, 461 U.S. at 435. Here, Plaintiff achieved a significant result, as the OAH determined that Defendant denied W.A. a FAPE. The OAH issued an order requiring Defendant to provide W.A. with 160 hours of specialized academic instruction and 51.5 hours for behavior intervention services. (Doc. 1 at 7-8); s*ee S. S.*, 2022 WL 2199944, at *4 (C.D. Cal. Apr. 27, 2022) ("The Ninth Circuit has recognized that a court's finding that a student was denied a FAPE go[es] to the very essence of and is the most significant of successes possible under the Individuals with Disabilities Education Act.") (citation and quotations omitted).

Issue two concerned whether Defendant had to pay for an independent educational evaluation ("IEE") for Plaintiff. Issue three concerned whether Defendant's February 28, 2020, IEP was necessary to provide Plaintiff a FAPE such that it could be implemented without parental consent. (Doc. 1 at 7; Doc. 43 at 7). It is reasonable to conclude that these two issues sufficiently overlap with issue one, as an IEE is a precursor to an IEP, a primary component of a FAPE. However, the Court finds that the lodestar should be reduced as Plaintiff only partially prevailed on issue one.

On issue one, the ALJ found that Defendant failed to provide Plaintiff a FAPE from November 1, 2018, to February 28, 2020, but did not deny Plaintiff a FAPE from February 28, 2020, through the filing of Plaintiff's complaint (September 9, 2020). (Doc. 43 at 7). As such, Plaintiff only partially prevailed on issue one. *See id.* ("Student prevailed on Issue 1 for the period from November 1, 2018, through February 28, 2020. Panama prevailed on Issue 1 for the period from February 28, 2020 through September 9, 2020.") (citing Doc. 28-5 at 295-296).

A court need not "identify specific hours that should be eliminated," but "may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436. As Plaintiff partially prevailed on his first and arguably most significant issue, the Court finds it appropriate to reduce the award by 30%. *See Gordon*, 2019 WL 2511936, at *8 (finding a 20% reduction in attorney's fees appropriate for partial success); *L.R. v. Hollister Sch. Dist.*, 2014 WL 1118019, at *6 (N.D. Cal. Mar. 19, 2014) (finding a 50% reduction in attorney's fees appropriate for partial success).

A 30% reduction of the $223,500.00 lodestar results in a sum of $156,450.00. As Plaintiff's unopposed motion requests less than this amount, the undersigned will recommend that the full requested amount of $135,000.00 be awarded.

### c. Recovery in Similar Actions

The Court is required to consider the outcome of similar cases to determine whether the sum to settle the children's claims is reasonable. *Robidoux*, 638 F.3d at 1181; *Salmeron*, 724 F.2d at 1363. However, cases under the IDEA do not lend themselves to straightforward comparison. Each child experiences unique challenges and suffers unique harms, and the damage the child suffers from the denial of a FAPE varies considerably. *K.M. v. Tehachapi Unified Sch. Dist.*, No. 1:15-CV-01835-LJO-JLT, 2019 WL 991048, at *5 (E.D. Cal. Feb. 28, 2019), report and recommendation adopted, 2019 WL 1572933 (E.D. Cal. Apr. 11, 2019).

Plaintiff did not provide accounts of recovery in similar actions in his motion and, thus, the Court required supplemental briefing that included supporting authority showing that the proposed compromise is fair and reasonable in light of recovery in analogous cases. (Doc. 55). In his

supplemental brief, Plaintiff supplies the cases of *P.H. v. Tehachapi Unified School District*[8] and *T.B. v. Chico Unified School District*.[9] (Doc. 58 at 5). In the former, Mr. Grey opted to forgo attorney's fees and the court approved a settlement in the amount of $21,250 to the minor plaintiff. *See P.H.*, No. 1:17-cv-257-DAD-JLT (E.D. Cal.), Doc. 26 at 5. In the latter, the Court approved a settlement that provided $16,500 to the minor plaintiff and $23,500 in attorney's fees. *See T.B.*, 2010 WL 1032669, at *2.

The undersigned has compared the facts and circumstances of this case to somewhat similar cases and finds that this comparison supports a conclusion that the proposed settlement is reasonable. *See B.R. ex rel. Rempson v. D.C.*, 802 F. Supp. 2d 153, 165 (D.D.C. 2011) (reducing attorney's fees by 50% to account for degree of success where plaintiff prevailed on single issue finding plaintiff was denied a FAPE); *Garvey Sch. Dist. v. V.S.*, No. 219CV01248CASJCX, 2020 WL 208807, at *7 (C.D. Cal. Jan. 13, 2020) (granting $91,603.80 in attorney's fees for partial success where defendant denied plaintiff a FAPE); *E.S. v. Conejo Valley Unified Sch. Dist.*, No. CV 17-2629 SS, 2019 WL 1598756, at *12 (C.D. Cal. Mar. 27, 2019) (granting $399,011.78 in attorney's fees for partial success where plaintiff was denied a FAPE); *D.B.*, 2013 WL 12082495, at *6 (granting 50% reduced fees in amount of $141,367.89 for partial success where plaintiff was denied a FAPE).

Lastly, Mr. Grey confirms that minor Plaintiff will not pay any part of the fees; Defendant shall provide payment in full. (Doc. 53-2 at 8). Having considered the risks of continued litigation as outlined by the Plaintiff and his prevailing on issue one in the underlying proceeding, the undersigned finds that the proposed settlement amount is fair, reasonable, and in the best interests of W.A. when compared to similar settlements and based on the particular facts of this case.

**IV. Findings and Recommendations**

Based upon the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The motion to approve settlement of the minor's claims (Docs. 53, 58) be APPROVED IN FULL;

---

[8] Case No. 1:17-cv-257-DAD-JLT.

[9] T.B. v. Chico Unified Sch. Dist., No. 2:07-CV-00926-GEBCMK, 2010 WL 1032669 (E.D. Cal. Mar. 19, 2010).

   2. Plaintiff be awarded $135,000.00 in attorney's fees; and

   3. The parties be DIRECTED to file with the Court a stipulation for dismissal of the action with prejudice no later than 45 days after issuance of the Court's order.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __March 31, 2025__           _____
                                                  UNITED STATES MAGISTRATE JUDGE