UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.A., a minor, by and through his *guardian ad litem* Victoria Anderson,<br><br>Plaintiff,<br><br>v.<br><br>PANAMA-BUENA VISTA UNION SCHOOL DISTRICT,<br><br>Defendant. | Case No. 1:21-cv-00539 JLT CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS APPROVING MINOR'S COMPROMISE, AND DIRECTING THE PARTIES TO FILE DISPOSITIONAL DOCUMENTS<br><br>(Docs. 53, 58, 59) |

Plaintiff W.A. (a minor), by and through his *guardian ad litem* Victoria Anderson, filed this lawsuit on March 30, 2021, alleging claims under the Individuals with Disabilities Education Act (IDEA), Rehabilitation Act § 504 ("Section 504"), and the Americans with Disabilities Act (ADA), seeking review of certain findings made by the California Office of Administrative Hearings (OAH) regarding the provision of educational services to Plaintiff by Panama-Buena Vista Union School District. (Doc. 1.) Plaintiff also seeks prevailing party attorney's fees. (*See id.*, ¶¶ 40–42.)

On June 26, 2024, the Court issued an order affirming the underlying OAH decision. (Doc. 43.) On October 7, 2024, Plaintiff filed a notice of settlement as to the outstanding issue of attorney's fees arising out of the one issue on which he prevailed at the OAH. (Doc. 48.) On December 19, 2024, Plaintiff moved for Court approval of the minor's compromise. (Doc. 53.)

1   Because of the somewhat unique procedural posture of the settlement—which concerned only
2   fees related to prevailing at the administrative level—the assigned magistrate judge requested
3   supplemental briefing designed to facilitate evaluation of the minor's compromise. (Doc. 55.)
4   After receiving the supplemental information, the assigned magistrate judge issued
5   Findings and Recommendations that included a detailed examination of the reasonableness of the
6   fee settlement using the lodestar method. (*See generally* Doc. 59.) After finding that counsel was
7   entitled to bill at $750 per hour and making deductions for the fact that Plaintiff prevailed only on
8   certain issues, the Findings and Recommendations concluded that the settlement was fair and
9   reasonable in part because the calculated lodestar was greater than the fee settlement amount.
10  (*Id*.)
11  The Court served the Findings and Recommendations on the parties and notified them that
12  any objections were due within 14 days. (*Id.* at 15.) The Court also advised the parties that
13  "failure to file objections within the specified time may result in the waiver of rights on appeal."
14  (*Id*., citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)). Neither Plaintiff nor
15  Defendant filed objections, and the time do so has expired.
16  According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of this case.
17  Having carefully reviewed the matter, the Court agrees that the settlement is fair and reasonable
18  and should be approved, though declines to make a formal finding that applying the lodestar
19  method is necessary under the circumstances.[1] Thus, the Court **ORDERS**:
20      1.      The findings and recommendations issued on March 31, 2025 (Doc. 59), are
21              **ADOPTED** in full.
22      2.      The motion to approve the minor's compromise (Docs. 53, 58) is **GRANTED**.
23

---

24  [1] It remains unclear whether a lodestar evaluation of a fee settlement is necessary under the circumstances presented here. The Ninth Circuit instructs that: "[i]f the net recovery of each minor plaintiff under the proposed settlement is
25  fair and reasonable, the district court should approve the settlement as presented, regardless of the amount the parties agree to designate for adult co-plaintiffs or plaintiffs' counsel." *Robidoux v. Rosengren*, 638 F.3d 1177, 1182 (9th
26  Cir. 2011). One Court in this district has concluded that "[g]iven the holding in *Robidoux*, it may be error for this court to reject the settlement simply because the Court finds that the attorney fees sought are excessive." *S.W. v.*
27  *Turlock Unified Sch. Dist*., No. 1:20-CV-00266 DAD SAB, 2022 WL 2133789, at *11 (E.D. Cal. June 14, 2022), *report and recommendation adopted*, 2022 WL 3142098 (E.D. Cal. Aug. 5, 2022). Here, given the above-quoted
28  language from *Robidoux* and the fact that the lodestar analysis suggests the fee settlement is <u>reasonable</u>, the Court finds it unnecessary to formally resolve whether a lodestar evaluation is required.

3. Plaintiff is **AWARDED** $135,000 in attorney's fees.

4. The parties **SHALL** file a stipulation for dismissal of the action with prejudice within 45 days of the date of this order.

IT IS SO ORDERED.

Dated:   **April 18, 2025**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE